UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

MICHAEL MESKER, )
)
        Plaintiff, )
)
vs. ) No. 1:17-cv-00085-LJM-TAB
)
RELIANCE STANDARD LIFE )
INSURANCE COMPANY, )
)
        Defendant. )

## ORDER ON MOTION TO DETERMINE STANDARD OF ADJUDICATION

This matter comes before the Court on Plaintiff Michael Mesker's ("Mesker's") Motion to Determine Standard of Adjudication (the "Motion"). Dkt. No. 12. On January 10, 2017, Mesker initiated this action pursuant to the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), in order to obtain disability insurance benefits from Defendant, Reliance Standard Life Insurance Company ("Reliance"). *See generally*, Dkt. No. 1. In the Motion, Mesker requests that this case be adjudicated under a *de novo* standard of review in light of Reliance's failure to timely render a decision regarding Mesker's disability benefits. Dkt. No. 12 at 1. Reliance opposes the Motion and asserts that the Court should apply an arbitrary and capricious standard of review because it substantially complied with ERISA's procedural regulations. *See generally*, Dkt. No. 21. For the reasons stated herein, the Court **DENIES** the Motion to the extent it seeks application of a *de novo* standard of review.

## I. BACKGROUND

Mesker worked for the Indiana State Teachers Association ("ISTA") until June 2010. Dkt. No. 7, ¶ 7. Through his employment with ISTA, Mesker participated in an employee welfare benefit plan with long term disability benefits through a group insurance policy provided by Reliance (the "Plan"). *Id.* at ¶¶ 4, 7. Under the Plan, Reliance was required to pay monthly disability benefits for 60 months in the event that an insured was unable to work due to illness. Dkt. No. 21, Ex. A at 13. The Plan also granted Reliance "the discretionary authority to interpret the Plan and the insurance policy to determine eligibility for benefits." *Id.* at 17.

On June 16, 2010, after being diagnosed with HIV/AIDS, Mesker left his job with ISTA due to severe symptoms related to his condition. Dkt. No. 7, ¶ 7. Pursuant to the Plan, Mesker applied for disability benefits with Reliance on December 8, 2010. Dkt. No. 21 at 2. On January 24, 2011, Reliance approved Mesker's application for disability benefits, to be effective as of December 14, 2010. *Id.*; Dkt. No. 7, ¶ 8. Following this approval, Mesker received regular monthly disability payments from Reliance until May 3, 2016. Dkt. No. 7, ¶ 8.

On April 22, 2016, Reliance informed Mesker that it would be discontinuing his disability benefit payments on May 3, 2016, because Mesker's condition would no longer be considered a "disability," as defined by the Plan. *Id.*; *see also*, Dkt. No. 21, Ex. A at 13. Mesker appealed Reliance's decision to discontinue his disability benefits on October 6, 2016. Dkt. No. 7, ¶ 9. With his appeal, Mesker included some medical evidence, including a summary of the medical records provided by his treating physician, Dr. Steven Norris ("Dr. Norris"). Dkt. No. 12, Ex. 3.

Reliance acknowledged Mesker's appeal in a letter dated October 18, 2016, and explained that "[t]o the extent that additional information is needed, Reliance … will toll the relevant time frames for reaching an appeal determination from the time of [its] request for additional information until such time as [it] receive[s] the requested information." Dkt. No. 21, Ex. B at 2. On October 20, 2016, Reliance sent another letter to update Mesker that Reliance "determined that additional medical documentation from [Mesker's] treatment providers will be required prior to the conclusion of [its] assessment" and required such information from Dr. Norris. Dkt. No. 12, Ex. 2. Reliance further informed Mesker that it had "tolled the statutory time allotted to [it] in order to complete [its] review [of Mesker's appeal], pending receipt of the requested information." *Id.* On November 16, 2016, Reliance advised Mesker that it still had not received the information it requested from Dr. Norris regarding Mesker's treatments. Dkt. No. 21, Ex. C at 2-3. In a letter dated January 9, 2017, Reliance informed Mesker that it had received the information requested from Dr. Norris on November 29, 2016, but that it required "beyond 45 days to make a final decision on [Mesker's] appeal, pending the results of [an] Independent Peer Review." Dkt. No. 21, Ex. D at 2.

On January 10, 2017, one day after receiving this letter from Reliance, Mesker filed the instant action, seeking past and future long-term disability benefits. *See generally*, Dkt. No. 1. On January 19, 2017, Reliance upheld its prior determination to terminate Mesker's disability benefits. Dkt. No. 7, ¶ 9.

## II. DISCUSSION

Generally, a *de novo* standard of review is applied to disability benefit determinations under ERISA "unless the benefit plan [at issue] gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). When a benefit plan reserves such discretionary authority, a disability benefit determination is reviewed only for an abuse of discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008) (citing *Firestone*, 489 U.S. at 111, 115).

Despite the existence of a discretionary authority provision in the Plan, Mesker asserts that the Court should review Reliance's denial of his disability benefits using a *de novo* standard of review because Reliance failed to comply with the timing procedures set forth in 29 C.F.R. § 2560.503-1. *See generally*, Dkt. No. 12. Under 29 C.F.R. § 2560.503-1, a plan administrator must respond to a claim for disability benefits within 45 days of receiving the claim. 29 C.F.R. §§ 2560.503-1(h)-(i). A plan administrator may receive an extension of up to an additional 45 days to respond to such a claim if the plan administrator determines special circumstances exist to justify the extension and provides the claimant with written notice of the extension prior to the termination of the initial 45-day time period. *Id*. When an extension is properly obtained, "the period of time for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information." 29 C.F.R. § 2560.503-1(i)(4).

Prior to 2000, if a plan administrator did not issue a timely decision regarding a claimant's appeal of a denial of disability benefits, the appeal would be "'deemed denied,'"

4

and the claimant would be allowed to bring a civil action against the plan administrator to evaluate the merits of his application. *Lundsten v. Creative Cmty. Living Serv., Inc. Long Term Disability Plan*, No. 13-C-108, 2014 WL 2440716, at *4 (E.D. Wis. May 30, 2014) (quoting *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 106 (2nd Cir. 2005)). However, in 2000, the Department of Labor ("DOL") made amendments to this regulation and eliminated the "deemed denied" provision. *Lundsten*, 2014 WL 2440716 at *4. In its place, 29 C.F.R. § 2560.503-1 provided that if a plan administrator fails "to establish or follow claims procedures consistent with the requirements of [29 C.F.R. § 2560.503-1], a claimant shall be deemed to have exhausted the administrative remedies available under the plan and shall be entitled to pursue any available remedies under [ERISA §] 502(a)." 29 C.F.R. § 2560.503-1(l).

When § 2560.503-1 was amended in 2000, the DOL provided additional guidance in a preamble to the amended regulation, in which it explained that "the new standards are intended to ensure more timely benefit determinations, to improve access to information on which a benefit determination is made, and to assure that participants and beneficiaries will be afforded a full and fair review of denied claims." *Employee Retirement Income Sec. Act of 1974, Rules & Regulations for Admin. & Enforcement; Claims Procedures*, 65 Fed. Reg. 70,246 (Nov. 21, 2000)). With respect to 29 C.F.R. § 2560.503-1(l) specifically, the DOL noted that it intended for this provision "to clarify that the procedural minimums of the regulation are essential to procedural fairness and that a decision made in the absence of the mandated procedural protections should not be entitled to any judicial deference." *Id.* at 70,255.

5

In response to Mesker's claim that a *de novo* standard of review should apply, Reliance argues that its disability benefit decision is still entitled to a more deferential standard of review, pursuant to the substantial compliance doctrine. Dkt. No. 21 at 5-7. "In general the doctrine of substantial compliance means that a plan administrator who has violated a technical rule under ERISA … may be excused for the violation if the administrator has been substantially compliant with the requirements of ERISA." *Edwards v. Briggs & Stratton Retirement Plan*, 639 F.3d 355, 361-62 (7th Cir. 2011) (citing *Halpin v. W.W. Grainger, Inc.*, 962 F.2d 685, 693-94 (7th Cir. 1992)). When applying the substantial compliance doctrine, a plan administrator that has retained discretionary authority through an applicable benefits plan, "notwithstanding his or her error, is given the benefit of deferential review of [his or her] determination about a claim under the arbitrary and capricious standard … rather than more stringent de novo review." *Edwards*, 639 F.3d at 362 (citing *Rasenack v. AIG Life Ins. Co.*, 585 F.3d 1311, 1317 (10th Cir. 2009)). A plan administrator who does not render a decision within the time specified by the applicable ERISA regulations "can only be in substantial compliance with ERISA's procedural requirements if there is an ongoing productive evidence-gathering process in which the claimant is kept reasonably well-informed as to the status of the claim and the kinds of information that will satisfy the administrator." *Rasenack*, 585 F.3d at 1317. *See also, Fessenden v. Reliance Standard Life Ins. Co.*, No. 3:15-CV-370, 2016 WL 8968995, at *4 (N.D. Ind. Sept. 26, 2016).

However, the Second Circuit recently rejected the substantial compliance doctrine and held that "the doctrine is flatly inconsistent with" the amended version 29 C.F.R. § 2560.503-1 and the DOL's intentions, as described in the regulation's preamble. *See*

*Halo v. Yale Health Plan, Dir. of Benefits & Records Yale Univ.*, 819 F.3d 42, 56-57 (2nd Cir. 2016). The Second Circuit further noted that courts "should be reluctant to disturb the regulatory scheme the [DOL] has devised under authority expressly granted to it by Congress." *Id.* at 57. In light of the DOL's 2000 amendments and preamble guidance, the Second Circuit concluded that when a plan administrator fails to comply with the procedures set forth in 29 C.F.R. § 2560.503-1, that claim will be "reviewed *de novo* in federal court, unless [1] the plan has otherwise established procedures in full conformity with the regulation and [2] can show that its failure to comply with the claims-procedure regulation in the processing of a particular claim was inadvertent *and* harmless." *Id.* at 57-58 (emphasis in original).

Despite the Second Circuit's conclusions in *Halo*, multiple district courts outside of the Second Circuit have declined to follow *Halo*'s reasoning based on the DOL's preamble and the 2000 amendments to 29 C.F.R. § 2560.503-1. *See Norris v. Mazzola*, --- F. Supp. 3d ---, 2017 WL 505970, at *10 (N.D. Cal. Feb. 7, 2017) (finding that an abuse of discretion standard applied to an untimely decision denying disability benefits because only flagrant violations of ERISA's procedural requirements can alter the standard of review under Ninth Circuit law); *L.M. v. Metro. Life Ins. Co.*, No. 16-8287(MAS)(LHG), 2016 WL 8193159, at *4 (D.N.J. Dec. 2, 2016). Within the Seventh Circuit, the Northern District of Indiana also rejected "the reasoned approach in Halo" because "the Court [was] reluctant to follow out of circuit precedent" when prior Seventh Circuit precedent supports the application of the substantial compliance doctrine to plan administrators' failures to comply with ERISA's procedural requirements. *Fessenden*, 2016 WL 8968995 at *6 (citing *Halpin*, 962 F.2d at 690).

7

While Mesker claims that the Court should adopt the Second Circuit's holding in *Halo* and similarly reject the substantial compliance doctrine, the Court disagrees. The Seventh Circuit has traditionally applied the substantial compliance doctrine to instances in which a plan administrator fails to comply with the procedural requirement of ERISA, even after the DOL adopted the 2000 amendments to 29 C.F.R. § 2560.503-1. *See Halpin*, 962 F.2d at 690; *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 180 (7th Cir. 1994); *Schneider v. Sentry Grp. Long Term Disability Plan*, 422 F.3d 621, 627-28 (7th Cir. 2005). Additionally, other district courts within the Seventh Circuit have declined to discontinue their application of the substantial compliance doctrine when a plan administrator fails to comply with ERISA's procedural requirements in light of the DOL's preamble guidance on 29 C.F.R. § 2560.503-1. *See Fessenden*, 8968995 at *6 (declining to follow *Halo*); *Lundsten*, 2014 WL 2440716 at *5 (concluding that the DOL's preamble guidance is not entitled to deference under *Chevron U.S.A. Inc. v. Nat. Res. Def. Council*, 467 U.S. 837 (1984), and that the preamble guidance is not persuasive because "[29 C.F.R.] § 2560.503-1(l) is completely silent regarding the standard of review to be applied in federal court").

Although Reliance did not render its decision regarding Mesker's appeal within 90 days after the appeal was submitted, as required by 29 C.F.R. § 2560.503-1(i), Reliance substantially complied with the procedural requirements of 29 C.F.R. § 2560.503-1. As noted above, Reliance informed Mesker on October 20, 2016, that it required additional medical evidence from Dr. Norris and that it would toll the statutory time for its review of Mesker's appeal until it acquired such evidence. Dkt. No. 12, Ex. 2. On November 16, 2016, only 40 days after Mesker had submitted his appeal, Reliance notified Mesker that

8

it was still waiting for the information it required from Dr. Norris. Dkt. No. 21, Ex. C at 2-3. After obtaining the desired information from Dr. Norris on November 29, 2016, Reliance informed Mesker that it required an additional 45 days to render its final decision in a letter dated January 9, 2017. Dkt. No. 21, Ex. D at 2. On January 19, 2017, only 15 days after the expiration of the original maximum 90-day period allowed for its decision, Reliance issued its final determination denying Mesker's disability benefits. Dkt. No. 7, ¶ 9. Because Reliance substantially complied with the procedural requirements of 29 C.F.R. § 2560.503-1, its decision to deny Mesker's disability benefits is entitled to an arbitrary and capricious standard of review.

### III. CONCLUSION

For the foregoing reasons, the Motion is **DENIED** to the extent it seeks application of a *de novo* standard of review. The standard of review applicable to this case is arbitrary and capricious.

IT IS SO ORDERED this 22d day of June, 2017.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Bridget L. O'Ryan
O'RYAN LAW FIRM
boryan@oryanlawfirm.com

Edna Sybil Kersting
WILSON ELSER MOSKOWITZ EDELMAN & DICKER
edna.kersting@wilsonelser.com

9